**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JACK LEE HUDSON, JR.,<br><br>Plaintiff,<br><br>v.<br><br>LUCIAN BUTTEL, *et al.*,<br><br>Defendants. | Case No. 26-1200-JWB-BGS |

**ORDER TO SHOW CAUSE**

Plaintiff Jack Lee Hudson, Jr., proceeding *pro se*,[1] filed this civil federal court action against Defendants Lucian Buttell, John Chance, and Chance Home Remodeling and Construction. (*See generally* Doc. 14.) On July 29, 2026, after review of the Complaint (Doc. 1) and Amended Complaint (Doc. 14), the undersigned Magistrate Judge issued an Order that required Plaintiff to either file an Amended Complaint or show cause in writing on or before August 31, 2026, why the undersigned Magistrate Judge should not recommend to the District Court that Plaintiff's claims be dismissed for lack of subject matter jurisdiction. (Doc. 16.) The Court incorporates the factual and procedural background of that Order, as well as the legal analysis contained therein.

The Order, which was sent by certified mail to Plaintiff at the address he provided to the Court, was returned to the Court as unclaimed mail. (Doc. 17.) Pursuant to the District of Kansas local rules, *pro se* parties have a duty to update their contact information with the Court: "Each … *pro se* party must notify the clerk of any change of address or telephone number." D. Kan. Rule. 5.1(b)(3); *see also Collinge v. Bellendir*, No. 24-3096-JWL, 2024 3989089, n.2 (D. Kan. Aug. 29, 2024).

[1] As a *pro se* Plaintiff, Mr. Hudson's Complaint is construed liberally and not held to the same standard as that of a lawyer. *See Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023). That stated, he must nevertheless follow the same rules as any other litigant. *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019).

Simply stated, under this Rule, "it is Plaintiff's obligation to keep his contact information current." *Hulett v. Johnson Co. Sheriff's Office*, No. 22-4065-DDC-BGS, 23-1023-EFM-KGG, 2023 WL 6390481, *1 (D. Kan. Oct. 2, 2023). Thus, the Court executed its responsibility to send the Show Cause Order via certified mail to the address Plaintiff has on-file with the Court.

Pursuant to Federal Rule of Civil Procedure 41, a District Court may dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure ... to comply with the ... court's orders"). Either Plaintiff has failed to prosecute this case by not claiming certified mail from the Cour or he has failed to comply with D. Kan. Rule 5.1 for failure to notify the Court of a change of address." Regardless, as a result of Plaintiff's failure to comply with this Court's orders and/or local rules, the undersigned Magistrate Judge recommends to the District Court that this matter be **DISMISSED** under Rule 41(b).

The Court also recommends to the District Court that this matter be **DISMISSED** for the substantive reasons discussed in the Order to Show Cause filed by the undersigned on July 29, 2026. (*See generally* Doc. 16.) The legal standards and analysis contained in that Order relating to this recommendation are incorporated herein by reference.

Briefly summarized from the Show Cause Order, the Court discussed the jurisdictional issues facing Plaintiff's Complaint. "Federal courts are courts of limited jurisdiction and, as such, [they] must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *Mitchell v. Haa*, No. 25-3015, 2026 WL 1847281, at *1 (10th Cir. June 26, 2026). Congress has granted federal courts the jurisdiction to hear two general types of cases – cases that "aris[e] under" federal law per 28 U.S.C. § 1331 ("federal question jurisdiction"), and cases in which there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000 per 28

U.S.C. § 1332(a) ("diversity jurisdiction"). When it becomes apparent that subject matter jurisdiction is lacking, the Court must dismiss the case regardless of the stage of the proceeding. *Fish v. Kobach*, 189 F. Supp. 3d 1107, 1124–25 (D. Kan. 2016).

The undersigned Magistrate Judge found Plaintiff's Amended Complaint fails to properly allege diversity jurisdiction as there are no facts alleged to support diversity of citizenship among the parties, all of which are alleged to be from Wichita and/or Sedgwick County, Kansas. (Doc. 16, at 4 (citing Doc. 14, at 1-2).) Further, the Court found that, even assuming the Amended Complaint attempts to a federal question under the Fair Labor Standards Act, the factual contentions contained therein are insufficient to do so as it appears Plaintiff was paid at a rate above the federal minimum wage. (*Id.*, at 5-7.)

"If an employee's contractual pay exceeds what the FLSA would require, an employer has no additional FLSA liability." *Chavez v. City of Albuquerque*, 630 F. 3d 1300, 1307 (10th Cir. 2011) (citing in part 29 U.S.C. § 216(b)). In other words, "[t]he FLSA is not a statutory enhancement of negotiated compensation … [.]" *Id.* Regardless of whatever amount Defendants are alleged to have agreed to pay Plaintiff, he cannot bring a claim under the FLSA if he was paid at least $7.25 an hour for the time he actually worked (and/or statutory overtime, where applicable). Therefore, the undersigned determined that Plaintiff's Amended Complaint (Doc. 14) does not establish that Defendants violated the FLSA in this manner. (Doc. 16, at 7.)

Finally, the undersigned found that Plaintiff failed to meet his "burden to show that [he] is entitled to the protection of the FLSA." *Benbrook v. Pathways Holdings, LLC*, No. 24-1032-JWB, 2024 WL 4286981, at *2 (D. Kan. Sept. 25, 2024) (citing *Reagor v. Okmulgee Cnty. Fam. Res. Ctr.*, 501 F. App'x 805, 808 (10th Cir. 2012). The Court determined that Plaintiff failed to establish that he "directly participated … in interstate commerce" as required to establish individual coverage under the FLSA or that enterprise coverage under the FLSA would be applicable. (Doc. 16, at 7-8.)

Given the deficiencies with Plaintiff's Amended Complaint (Doc. 14) as well as his failure to comply with the relevant Local Rule and the Court's Show Cause Order, the undersigned Magistrate Judge **recommends** to the District Judge that this case be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's case be **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

**IT IS ORDERED** that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. § 636(b)(1), Fed R. Civ. P. 72, and D. Kan, Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition. *See Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**IT IS SO RECOMMENDED.**

Dated September 17, 2026, at Wichita, Kansas.

/s/BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge